IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| EMANUAL WATKINS, | : | Case No. 1:20-cv-141 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| NATIONWIDE CAPITAL SERVICES, | : | |
| LLC, *d/b/a* "STRUCTURED | : | |
| SETTLEMENT", | : | |
| | : | |
| Defendants. | | |

---

## ORDER SETTING ASIDE DEFAULT JUDGMENT AND DENYING PLAINTIFF'S MOTION TO COMPEL AS MOOT (Docs. 9, 8)

---

This matter is before the Court on the Motion of Defendant Nationwide Capital Services, LLC's, d/b/a "Structured Settlement," to Set Aside Default and Default Judgment (Doc. 9) and Plaintiff's Motion to Compel Post Judgment Discovery (Doc. 8). Both motions are ripe for review. For the following reasons, the Motion to Set Aside is **GRANTED** and Plaintiff's Motion to Compel is **DENIED AS MOOT**.

### I.     BACKGROUND

On February 19, 2020, Plaintiff filed this lawsuit against Defendant Nationwide Capital Services, LLC d/b/a/ "Structured Settlement" ("Defendant") for allegedly violating §§ 1692d(6), 1692e(5), and 1692g of the Fair Debt Collections Practice Act ("FDCPA") and § 1345.02(A) of the Ohio Consumer Sales Practices Act ("OCSPA"). (Compl., Doc. 1, Pg. ID 3.) These claims arise from three phone calls from Defendant to

1

Plaintiff regarding debt collection. (Defendant's Motion to Set Aside, Doc. 9, Pg. ID 80.) Plaintiff claims Defendant failed to identify itself in accordance with federal and state statute when only referring to itself as "Structured Settlement." (Compl., Doc. 1, Pg. ID 2.) Additionally, Plaintiff claims that, when he refused to agree to a "payment plan" on his current mobile loan debt, Defendant's representative "threatened him" by stating "Have you ever had your wages garnished?" (*Id*. at Pg. ID 3).

Plaintiff then served Defendant with the Complaint on February 26, 2020. (Plaintiff's Memorandum in Opposition ("MIO"), Doc. 10, Pg. ID 98.) However, Defendant claims to have been served by its registered agent on March 3, 2020. (Defendant's Motion to Set Aside, Doc. 9, Pg. ID 81.) Defendant is an LLC doing business in the state of Nevada. (Compl., Doc. 1, Pg. ID 1.) Due to the COVID-19 global pandemic, Nevada shutdown all non-essential business, including Defendant, on March 17, 2020. (Defendant's Motion to Set Aside, Doc. 9, Pg. ID 95.) Additionally, Defendant's principal's wife contracted COVID-19. (*Id*.) Thus, the principal was required to care for his ill wife and quarantine as required by the Center for Disease Control and Prevention. (*Id*.) Defendant failed to timely appear or answer the Complaint and, after Plaintiff applied, the clerk entered a default on April 13, 2020. (Clerk's Entry of Default, Doc. 5.)

Defendant failed to appear or respond in this case after the entry of default. However, Plaintiff's counsel began corresponding with Defendant at least beginning on May 13, 2020. (Exhibit 2 to MIO, Doc. 10-2, Pg. ID 115.) Plaintiff's counsel emailed Defendant on May 13, 2020 explaining the nature of the case, that the clerk had already entered a default against Defendant, and with a demand for payment of cost and fees.

(*Id.*) Defendant then responded on May 15, 2020. (Exhibit 3 to MIO, Doc. 10-3, PAGEID 96.)

Defendant then attempted to negotiate a settlement with Plaintiff's counsel without the assistance of counsel. (*Id.*) The parties did not reach a settlement, and Plaintiff's counsel filed a Motion for Default Judgment on May 18, 2020 (Plaintiff's Motion for Default Judgment, Doc. 6). Again, Defendant did not appear or oppose this motion. On June 30, 2020, the Court entered Default Judgment in favor of Plaintiff. (Default Judgment Order, Doc. 7.)

Plaintiff's counsel served Defendant with the default judgment and demanded payment. (Exhibit 3 to MIO, Doc. 10-3, Pg. ID 120.) Defendant, through his principal and without counsel, again attempted to negotiate a settlement. (*Id.* at Pg. ID 120-21.) Plaintiff refused and served post-judgment discovery, which Defendant failed to answer. (*Id.* at 121.) Plaintiff threatened a motion to compel on July 30, 2020. (*Id.* at 121-22.) Defendant then retained counsel, (Defendant's Motion to Set Aside, Doc. 9, Pg. ID 82), and on August 4, 2020, Defense counsel emailed Plaintiff's counsel, (Exhibit 4 to MIO, Doc. 10-4, Pg. ID 125-26.) Counsel then discussed resolution during the next weeks, but ultimately, no agreement was reached. (*Id.* at 129-39.) Thereafter, the parties filed their respective motions.

## II.    LAW

It is well-settled that adjudication on the merits is favored over an order of default judgment. *See United Coin Meter Co., v. Seaboard Coastline RR.*, 705 F.2d 839 (6th Cir. 1983). Because of this longstanding principle, "[a]ny doubt should be resolved in favor of the

petition to set aside the judgment so that cases may be decided on their merits." *Id.* at 846 (quoting *Rooks v. American Brass Co.*, 263 F.2d 166, 169 (6th Cir. 1959)) (quotations omitted). Thus, default judgment "is a drastic step which should be resorted to only in the most extreme cases." *Id.* at 845. And, "where default results from honest mistake," Rule 60(b) should be applied liberally. *Id.*

The court "may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect;. . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6).

A court must apply three factors to determine if a party's motion to set aside a default judgment should be granted pursuant to Fed. R. Civ. P. 60(b)(1). *United Coin Meter Co.*, 705 F.2d at 839. The factors a court must consider are: "(1) [w]hether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether culpable conduct of the defendant led to the default." *Id.* at 845. A defendant satisfies the culpability factor if it show that its conduct falls within one of the Fed. R. Civ. P. 60(b)(1) categories. *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992).

## III.    ANALYSIS

Defendant argues that this Court should set aside the default judgment pursuant to Federal Rule of Civil Procedure 60(b)(1).[1] Defendant claims that its delay was a result

---

[1] Defendant also argues this Court should set aside the default judgment pursuant to Rule 60(b)(6). However, because the circumstances surrounding Defendant's claim for Rule 60(b)(6) relief are identical to those surrounding its claim for Rule 60(b)(1) relief, the Court need not address Rule 60(b)(6). *See Hopper v.*

of excusable neglect, that it has meritorious defenses to each of Plaintiff's claims, and that Plaintiff would not be prejudiced if the Court were to set aside the default judgment. Each factor is discussed below.

### a. Excusable Neglect

A defendant bears the burden of proof to establish that the delay is a result of mistake, inadvertence, surprise, or excusable neglect pursuant to Rule 60(b). *See Waifersong, Ltd.,* 976 F.2d 290, 292 (6th Cir. 1992); *see also Weiss v. St. Paul Fire and Marine Ins. Co.,* 283 F.3d 790 (6th Cir. 2002). A court must consider the totality of the circumstances surrounding a party's failures to determine if excusable neglect exists. *Jinks v. AlliedSignal, Inc.,* 250 F.3d 381, 386 (6th Cir. 2001). Relevant considerations include: "(1) danger of prejudice to the opposing party, (2) the length of delay, (3) its potential impact on judicial proceedings, (4) the reason for the delay, and (5) whether the movant acted in good faith." *Id.*

Considering the totality of the circumstances and Defendant's numerous reasons for the delay in this case, Defendant's delay equates to excusable neglect. First, the danger of prejudice to Plaintiff is minimal. The length of the delay and the likelihood of additional costs is the only prejudice Plaintiff faces. However, as discussed in more detail below, delay and additional costs are not enough to establish prejudice to a party when determining to set aside default judgment. Thus, this factor weighs in favor of a finding of excusable neglect.

---

*Euclid Manor Nursing Homes, Inc.,* 867 F.2d 291 (6th Cir. 1989) (holding Rule 60(b)(6) "only should apply to exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule").

Second, the length of the delay is approximately three to six months.[2] As discussed below, considering the circumstances out of Defendant's control and its attempt to negotiate a settlement in good faith, the length of the delay was not unreasonable.

Next, we turn to the potential impact on the judicial proceedings in this case. There has been no finding on the merits. If the Court were to set aside its order for default judgment, the Court would be required to spend additional time and use additional resources to make a finding on the merits of this case. However, despite the use of additional time and resources, this is a positive potential impact due to the Court's well-established preference to make determinations on the merits. Thus, the impact on the judicial proceedings weighs in favor of a setting aside the default judgment.

Additionally, the timeframe surrounding Defendant's delay is relevant. Defendant, a registered LLC doing business in Nevada, claims to have been served on March 3, 2020.[3] Due to the COVID-19 global pandemic, Nevada issued a stay-at-home order and shutdown of all nonessential businesses, including Defendant, on March 17, 2020.[4] The shutdown occurred in a matter of days after Defendant was served. The

---

[2] The length of Defendant's delay is disputed by the parties. Plaintiff contends the delay started on February 26, 2020, the date Plaintiff claims that service was properly executed. (*See* Doc. 10.) Defendant, on the other hand, states that the delay started on June 30, 2020, the date the Court entered the default judgment. (Doc. 9, PAGEID #815.) This dispute does not affect the Court's analysis or decision.

[3] The actual date service was properly executed is in dispute. Plaintiff claims that service was executed on February 26, 2020. (Doc. 10, PAGEID #98.) Defendant claims that service was executed on Defendant March 3, 2020. (Doc. 9-1, PAGEID #95.) Again, this dispute does not affect the Court's decision.

[4] Nevada Governor Steve Sisolak, Health Response COVID-19 Risk Mitigation Initiative, Nevada Health Response (Mar. 17, 2020), https://gov.nv.gov/uploadedFiles/govnewnvgov/Content/News/Emergency_Orders/2020_attachments/2020-03-17-NV-Health-Reponse-COVID19-Risk-Management-Initiative-2.pdf.

shutdowns continued and Defendant remained closed multiple months.

Additional factors beyond the Nevada shutdowns also weigh in favor of a finding of excusable neglect. Defendant's principal's wife contracted COVID-19. The principal was required to care for his ill wife and quarantine as required by the Center for Disease Control and Prevention. This required the principal to divert his attention from business matters, such as this litigation, to pressing personal matters while his business was subject to the governmental shutdowns.

Also, Defendant states that the reason for the delay was that, due to its shutdown, it had no actual notice of this action until May 13, 2020 when Plaintiff's counsel emailed Defendant explaining the nature of the case, outlining the progression of the litigation, and offering to settle the case. Defendant's Director of Operations then attempted, pro se, to settle this action. Such settlement attempts illustrate good faith by Defendant. The Director of Operations, on behalf of the Defendant, attempted to negotiate a settlement until June 30, 2020, the date this Court entered default judgment. Approximately one month after it became obvious Defendant could not reach a settlement on its own, it contacted an attorney. Defense counsel then also attempted to reach a settlement agreement with Plaintiff. Thus, settlement negotiations were ongoing from May 15, 2020 through September 15, 2020, both by Defendant's Director of Operations, acting pro se, and defense counsel. The ongoing settlement negotiations illustrates that Defendant acted with good faith during this delay.

Because of the length of the delay, the circumstances surrounding the delay outside Defendant's control, and Defendant's good faith attempts reach a settlement,

Defendant's delay was a result of excusable neglect.

### b. Meritorious Defense

Defendant must also allege a meritorious defense to Plaintiff's claims.  The defense must only be "good at law" to satisfy the meritorious defense factor. *Dassault Systemes, Inc. v. Childress*, 663 F.3d 832, 843 (6th Cir. 2011).  A court is not required to find a likelihood of success on the merits. *Id.*  Rather, a court must determine "merely whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Id.* (quoting *Burrell v. Henderson*, 434 F.3d 826, 834 (6th Cir. 2006)) (quotation marks omitted). A court only needs to find a "hint of a suggestion" that defendant could succeed on the merits. *Id.* Additionally, affirmative defenses, such as a failure to state a claim in accord with Fed. R. Civ. P. 12(b)(6), may also be considered a meritorious defense. *See Simmons v. Ohio Civ. Serv. Emp. Assoc.*, 259 F. Supp. 2d 677, 686 (S.D. Ohio 2003).

Plaintiff claims that Defendant violated the FDCPA by "(a) [p]lacing a call to Plaintiff without a meaningful disclosure of its identity, in violation of § 1692d(6); (b) threatening to garnish Plaintiff's wages when Defendant had no intention of doing so, in violation of § 1692e(5); [and] (c) failing to send Plaintiff the notice required by § 1692g." (Compl., Doc. 1, Pg. ID 3.) Defendant has alleged a meritorious defense for each of the FDCPA claims.

First, "meaningful disclosure requires that the caller must state his or her name and capacity and disclose enough information so as not to mislead the recipient as to the purpose of the call or the reason the questions are being asked." *Saltzman v. I.C. Sys., Inc.*,

8

No. 09-10096, 2009 WL 3190359 *8 (E.D. Mich. Sept. 30, 2009). Defendant argues that it has been doing business as "Structured Settlement" for years. It claims that, by identifying itself as "Structured Settlement," it satisfied the meaningful disclosure requirement. This contention alone is enough to create a "hint of suggestion" that Defendant could succeed on the merits of Plaintiff's § 1692d(6) claim.

Second, Defendant could potentially defend against the merits of Plaintiff's claim that it violated 15 U.S.C. § 1692e(5). Section 1692e(5) prohibits "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). The transcript of the first call between Plaintiff and Defendant shows that Defendant's representative, "Steven," stated only "Have you ever had your wages garnished before," and "Have you ever been prosecuted for writing bad checks across state lines before?" (Doc. 10-5, Pg. ID 42.) These statements, standing alone, seek only information from Plaintiff. They do not, on their face, threaten the actions inquired about. Accordingly, there is at least a viable contention that such statements, alone, do not violate § 1692e(5), showing a mere possibility that Defendant may succeed on the merits.

Lastly, Defendant has identified a meritorious defense that Plaintiff failed to state a claim for which relief can be sought, pursuant to Federal Rule of Civil Procedure 12(b)(6), as to the § 1692g claim. Section 1692g requires the debt collector provide notice regarding the outstanding debt. *See* 15. U.S.C. § 1692g. Defendant claims that Plaintiff's complaint fails to state a claim for which relief can be sought regarding his § 1692g claim. Plaintiff's Complaint only contains the allegation that Defendant "violated the FDCPA by . . . [f]ailing to send Plaintiff the notice required by § 1692g." (Compl., Doc. 1, Pg. ID

9

3). Defendant argues that Plaintiff's contention, or lack thereof, is "fatally deficient on its face." (Defendant's Reply in Support, Doc. 11, Pg. ID 153). Defendant states that this contention, without additional facts regarding Defendant's alleged deficiency, equates to "nothing more than the conclusory allegation that Structured settlement violated § 1692g" and that Defendant has a meritorious defense "by way of a Rule 12(b)(6) motion to dismiss for failure to state a claim." (*Id.*) Thus, Defendant's defense of failure to state a claim has a hint of a suggestion that it could succeed on the merits of Plaintiff's § 1692g claim. *See Simmons*, 259 F. Supp. 2d at 686.

Plaintiff also claims that Defendant violated the § 1345.02(A) of the OCSPA "when Defendant engaged in acts and practices in violation of the FDCPA." (Compl., Doc. 1, Pg. ID 4.) However, because Defendant has alleged a meritorious defense to each FDPCA claim, Defendant also has a meritorious defense to Plaintiff's OCSPA claim.

Plaintiff argues that Defendant only offered blanket denials of the allegations in its motion to set aside. The Court disagrees. Again, Defendant is not required to provide sufficient evidence to show a likelihood of success on the merits for each claim. Rather, Defendant must only offer defenses that show "a hint of a suggestion" that it could succeed on the merits. *Dassault Systemes, Inc.*, 663 F.3d at 843. The defenses and evidence provided by Defendant satisfy this extremely low bar. Thus, Defendant has asserted a meritorious defense to each of Plaintiff's claims.

### c. Prejudice to Plaintiff

Lastly, neither mere delay in satisfying a claim nor increased litigation costs generally establishes prejudice. *U.S. v. $22,050.00 U.S. Currency*, 595 F.3d 318, 325 (6th Cir.

10

2010). Rather, for there to be a showing of prejudice based on the delay of the litigation, a plaintiff would have to show that "the delay would result in a loss of evidence, increased opportunities for fraud, or discovery difficulties." *Burrell v. Henderson*, 434 F.3d 826, 835 (6th Cir. 2006).

Plaintiff will not suffer prejudice if this action were to proceed on the merits. Setting aside the default judgment only delays Plaintiff's ability to obtain judgment from Defendant, assuming he can successfully prove his claims. There is no known risk of evidence being lost or destroyed. Plaintiff already submitted the transcript of the first phone call, from which majority of Plaintiff's claims arise. Additional evidence has also already been exchanged between the parties, as evident by the email exchanges submitted to the Court. Thus, because the risk is only further delay and litigation costs to Plaintiff, no prejudice exists that would weigh in favor of denying Defendant's motion.

Plaintiff only argues that he will be prejudiced because Defendant may have financial restraints that would hinder its ability to pay a judgment and attorney's fees if this litigation continues and Plaintiff succeeds on the merits. Plaintiff's contention does not sway this Court to find prejudice, as that is a risk inherent to any litigation. However, even if this would raise doubt in the Court's mind, "[a]ny doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits." *United Coin Meter, Co.*, 705 F.2d at 846 (quoting *Rooks v. American Brass Co.*, 263 F.2d 166, 169 (6th Cir. 1959)) (quotations omitted). Thus, this factor weighs in favor of granting Defendant's motion to set aside.

Therefore, the Court finds: (1) Defendant's delay was the result of excusable

11

neglect, (2) Defendant has shown a meritorious defense to each of Plaintiff's claims, and (3) the prejudice to Plaintiff would be minimal, if existent. Thus, Defendant's Motion to Set Aside Default and Default Judgment is **GRANTED**.

### d. Fees and Bond

Plaintiff argues that, if this Court grants Defendant's motion, the Court should award Plaintiff attorney's fees for counsel's troubles thus far and require Defendant to post bond of at least $10,000. It is within a district court's discretion to award attorney's fees or impose bond when setting aside a default judgment. *See Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190 (6th Cir. 1986). However, a Defendant's conduct must rise to the level of "careless and inexcusable" behavior to warrant payment of attorney's fees or the imposition of bond. *Id.* at 195.

To support his claim for attorney's fees, Plaintiff cites non-binding case law where other federal district courts have granted attorney's fees and imposed bond on a defendant. In many of these cases, however, the conduct by the defaulting party was egregious and intentional in creating the delay. *See Knox v. PLO*, 248 F.R.D. 420 (S.D.N.Y. 2008) (ordering defendant to post bond after a finding of willful conduct by defendant and a legal strategy of defaulting and refusing to satisfy any judgment rendered); *Bushtec Prod. Corp. v. Komfort Kruz, LLC*, No. 2:15-cv-622, 2016 WL 931264, *5 (S.D. Ohio Mar. 11, 2016) (requiring plaintiff to pay defendant attorney's fees for the preparation of defendant's motion for entry of default and opposition to plaintiff's motion to lift entry of default after one year of delay and a lack of finding of good faith).

However, this district has denied this same request by Plaintiff's counsel in the

past. *See Forrest v. Honor Finance, LLC*, No. 2:18-cv-526, 2018 WL 3954152, * 4 (S.D. Ohio Aug. 17, 2018) (denying Plaintiff's request for bond and attorney's fees after concluding that Defendant's conduct was not "inexcusable and careless").

Despite Plaintiff's contention that Defendant should be required to pay attorney's fees and post bond to rectify supposed prejudice to Plaintiff, the Court disagrees. The Court finds that Defendant's excusable neglect does not rise to "careless and inexcusable conduct." *Shepard Claims Service, Inc.*, 796 F.2d at 195. Therefore, Plaintiff's request is **DENIED**.

### e. Plaintiff's Motion to Compel

Finally, prior to Defendant's motion, Plaintiff filed a Motion to Compel Post Judgment Discovery, pursuant to Federal Rule of Civil Procedure 69. A party can only obtain such discovery after a judgment has been entered. Because Defendant's motion to set aside is granted, Plaintiff's motion to compel is **DENIED AS MOOT**.

### IV. CONCLUSION

For the aforementioned reasons:

(1) Defendant's Motion to Set Aside Default and Default Judgment (Doc. 9) is **GRANTED**;

(2) Plaintiff's request for an award of attorney's fees and an order requiring Defendant post bond of at least $10,000 (Doc. 10) is **DENIED**; and

(3) Plaintiff's Motion to Compel Post-Judgment Discovery (Doc. 8) **DENIED AS MOOT**.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____

JUDGE MATTHEW W. McFARLAND